EDWIN A. LOMBARD, Judge.
 

 | iDefendants/appellants and Plaintiffs-in-Reconvention, Ty Angeron and Gerald Boulmay, appeal a judgment of the district court sustaining an Exception of No Right
 
 *1238
 
 of Action filed by Defendants-in-Recon-vention, Hospitality Consultants, L.L.C., Warren Reuther, Jr., Metairie Hotel, L.L.C., and Fire Hotel II, L.L.C., as well as dismissing their Reconventional Demand. For the reasons expressed herein, the decision of the district court in sustaining the exception of no right of action and dismissing appellants’ reconventional demand is affirmed.
 

 Factual History: Metairie Hotel, L.L.C.
 

 Appellees, Hospitality Consultants, L.L.C. and its authorized member, Warren Reuther, Jr., entered into an Operating Agreement to create a limited liability company known as “Metairie Hotel, L.L.C.” Additional parties to the Operating Agreement were Gerald Boulmay; Ty Angeron; Richard Acquillar; and Fire Hotel II, L.L.C., represented by its only member, The Fire Fighters Pension and Relief Fund for the City of New Orleans. Warren Reuther, Jr. was appointed as the Manager of Metairie Hotel, L.L.C. under the Operating Agreement. The Operating Agreement was signed by all parties, including Ty Angeron and Gerald Boulmay.
 

 |2The signing parties were described as “members” of the newly formed limited liability company. However, the Operating Agreement also dispersed membership “units” in such a manner that some parties to the Operating Agreement were to receive zero units. A “unit” is defined in Article 1.50 of the Operating Agreement as “[t]he representation of the Members’ membership interest in the Company and the basis for determining voting power and certain allocations of profits, losses, distributions, etc. as provided in this Agreement.” Under Article 2.7 of the Operating Agreement, the initial issuance of membership units, were to be distributed in the following manner:
 

 MEMBER NUMBER OF UNITS
 

 Warren Reuther, Jr. 500
 

 Gerald Boulmay 0
 

 Richard Acquilla 0
 

 Fire Hotel II, LLC 500
 

 Total 1,000
 

 (Ty Angeron was not listed in Article 2.7, therefore it is assumed his initial issuance of units was also “0”.)
 

 Article 2.8 of the Operating Agreement provided for a potential reallocation of units under the occurrence of certain conditions. Specifically, Article 2.8 reads:
 

 Reallocation of Units.
 
 Contemporaneously with the execution of this Agreement, the Fire Hotel, II, LLC is lending to the Company $2.3 million subject to the terms of a Debenture issued by the Company. In the event that said Debenture is paid in full prior to December 31, 2006, the Fire Hotel II, LLC shall surrender 200 of its Company Units hereby allocated to it. Upon any such surrender, the Fire Hotel II, LLC shall continue to own 300 Company Units and the other 700 Company Units shall be allocated as follows:
 

 MEMBER UNITS
 

 Hospitality Consultants, LLC 500
 

 Gerald Boulmay 80
 

 Ty Angeron 60
 

 Richard Acquilla 70
 

 TOTAL 700
 

 ] ¡¡Procedural History
 

 Because the repayment of the Debenture did not occur within the period described in Article 2.8, Gerald Boulmay and Ty Angeron did not receive any membership units under the reallocation of units plan. Boulmay and Angeron assert that there were indeed funds available in which to return payment of the Debenture to Fire Hotel II, L.L.C., but that payments were wrongfully coded and classified as bonus payments by Warren Reuther, Jr. to himself and Fire Hotel II. Boulmay and Angeron further assert that Reuther fabricated minutes of meetings and performed
 
 *1239
 
 other wrongful acts that prevented payment of the Debenture, and thus, the reallocation of membership units to them.
 

 Angeron and Boulmay filed an action with the American Arbitration Association, as the Operating Agreement called for claims to be adjudicated through arbitration. On June 25, 2008, Hospitality Consultants, L.L.C. and Warren Reuther, Jr. subsequently filed a “Petition for Preliminary and Permanent Injunctive Relief, for Temporary Restraining Order and for Declaratory Judgment” in the Civil District Court for the Parish of Orleans. The plaintiffs argued that Angeron and Boul-may were not members with ownership interests in Metairie Hotel, L.L.C., and therefore lacked the standing to institute an arbitration proceeding under Article 12.9 of the Operating Agreement. Fire Hotel II, L.L.C. filed a petition of intervention on June 30, 2008.
 

 The hearing on plaintiffs’ petition took place on July 7, 2008, and in a judgment dated July 23, 2008, the trial court granted a permanent injunction in favor of plaintiffs. The trial court’s judgment stated:
 

 ... the permanent injunction is granted. The defendants, Ty Angeron and Gerald Boulmay, are enjoined from proceeding with arbitration [4on the grounds that they are not members of Metairie Hotel, LLC, with the capacity to invoke the arbitration clause set for in Article 12.9 of the Operating Agreement.
 

 Angeron and Boulmay sought supervisory writ to this Court on the trial court’s judgment, which was denied.
 
 Hospitality Consultants, L.L.C. and Wavren Reuther, Jr. v. Ty Angeron and Gerald Boulmay,
 
 unpub., 2008-0899 (La.App. 4 Cir. 7/18/08).
 

 On September 19, 2008, Angeron and Boulmay filed an Answer to Fire Hotel IPs Petition of Intervention and countered with a Reconventional Demand. The appellants’ Reconventional Demand provided factual allegations of wrongdoing of Fire Hotel II and Warren Reuther, and stated that such allegations allow them “to proceed individually and as a derivative action.” Appellants’ reconventional demand also listed items that they are “entitled to recover.” Finally, appellants argued that they are entitled to repayment pursuant to the doctrines of unjust enrichment, detrimental reliance, and/or quantum meruit.
 

 Also on September 19, 2008, Angeron and Boulmay filed a nearly identical Re-conventional Demand against Hospitality Consultants, L.L.C. and Warren Reuther, Jr. as well as a Third Party Demand against Metairie Hotel, L.L.C. They further alleged a breach of fiduciary duties against Hospitality Consultants and derivative action claim pursuant to La. Code Civ. Proc. arts. 611,
 
 et seq.
 

 On January 12, 2009, appellees, Hospitality Consultants, L.L.C., Warren Reuther, Jr., and Metairie Hotel, L.L.C. filed “Exceptions of Lack of Standing, No Cause of Action, and Prescription” against Angeron and Boulmay. At the trial of exceptions of July 24, 2009, the trial court | .^determined the appellees’ claim of lack of standing to be an exception of no right of action. The trial court granted an exception of no right of action. On July 31, 2009, Fire Hotel II, L.L.C. filed a nearly identical pleading of exceptions against Angeron and Boulmay’s reconventional demand.
 

 On September 4, 2009, the trial court issued its written Judgment sustaining an exception of no right of action in favor of Fire Hotel II, L.L.C., Hospitality Consultants, L.L.C., Warren Reuther, Jr., and Metairie Hotel, L.L.C. The judgment also dismissed appellants’ reconventional demand in its entirety. Angeron and Boul-may now appeal this judgment.
 

 
 *1240
 

 Assignments of Error
 

 Ty Angeron and Gerald Boulmay, plaintiffs-in-reconvention, assert that the trial court committed legal error in sustaining an exception of no right of action because they are in fact members of Metairie Hotel, L.L.C. who have the standing to pursue a derivative action and breach of fiduciary duty claims as a result. Appellants next assert that the trial court erred in failing to consider contractual claims that they allege to have raised. Appellants further argue that they would alternatively have equitable claims against appellees and Fire Hotel II. Finally, appellants argue that they were not allowed to amend their reconventional demands and third party demands.
 

 Standard of Review
 

 The determination of whether a plaintiff or plaintiff-in-reconvention has a right of action is a question of law. Therefore, this Court is required to determine whether the trial court applied the law appropriately.
 
 McLean v. Davie Shoring, Inc.,
 
 2007-0162, p. 6 (La.App. 4 Cir. 1/16/08), 976 So.2d 733, 737. The exception of no right of action presents a question of law, which requires a
 
 de novo
 
 review by appellate courts.
 
 Hornot v. Cardenas,
 
 2006-1341, p. 12 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 798. The standard of review for an appellate court is simply whether the trial court’s interpretative decision is legally correct.
 
 Delta Chemical Corp. v. Lynch,
 
 2007-0431, p. 6 (La.App. 4 Cir. 2/27/08), 979 So.2d 579, 584,
 
 writ denied,
 
 2008-0683 (La.5/30/08), 983 So.2d 898,
 
 writ denied,
 
 2008-0761 (La.5/30/08), 983 So.2d 904.
 

 Law and Analysis
 

 La. Code Civ. Proc. art. 923 states that “[t]he function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” The objection of no right of action is a peremptory exception in which there is “no interest in the plaintiff to institute the suit.” La.Code Civ. Proc. art. 927(A)(6). “The function of an exception of no right of action is a determination of whether plaintiff belongs to a class of persons to whom the law grants the cause of action asserted in the petition.”
 
 Badeaux v. Southwest Computer Bureau, Inc.,
 
 2005-0612, p. 6 (La.3/17/06), 929 So.2d 1211, 1217,
 
 rehearing denied,
 
 6/23/06. The exceptor bears the burden of proof, and the no right of action exception assumes that the petition states a valid cause of action.
 
 McLean, supra,
 
 pp.7-8, 976 So.2d at 737.
 

 Derivative Action and Fiduciary Claims
 

 In this matter, appellants, plaintiffs-in-intervention, first argue that they have standing to pursue derivative action claims and breach of fiduciary duty claims j7against appellees due to their status as alleged members of Metairie Hotel, L.L.C. La.Code Civ. Proc. arts 611 through 617 set forth the pleading requirements for derivative actions. Article 611 provides in pertinent part:
 

 When a corporation or unincorporated association refuses to enforce a right of the corporation or unincorporated association, a shareholder, partner, or member thereof may bring a derivative action to enforce the right on behalf of the corporation or unincorporated association.
 

 “As a basic proposition, for a fiduciary duty to exist, there must be a fiduciary relationship between the parties.”
 
 Scheffler v. Adams and Reese, L.L.P.,
 
 2006-1774, p. 6 (La.2/22/07), 950 So.2d 641, 647. Under La.Rev.Stat. § 12:1314, a member of a limited liability company:
 

 
 *1241
 
 [s]hall be deemed to stand in a fiduciary relationship to the limited liability company and its members and shall discharge his duties in good faith, with the diligence, care, judgment, and skill which an ordinary prudent person in a like position would exercise under similar circumstances.
 

 Appellants’ claim that they have standing as members to pursue a derivative action and breach of fiduciary claims is without merit. A review of the Operating Agreement between the parties and Louisiana’s limited liability company membership statute clearly demonstrates the appellants’ lack of membership status in Metairie Hotel, L.L.C.
 

 Membership “units,” as provided above, are described by the operating agreement as “[t]he representation of the Members’ membership interest in the Company and the basis for determining voting power and certain allocations of profits, losses, distributions, etc. as provided in this Agreement.” The Operating Agreement therefore demonstrates that Mr. Boulmay and Mr. Angeron were to be distributed
 
 zero
 
 membership units at the initial formulation of Metairie Hotel, L.L.C. More plainly: appellants’ representation of their “membership interest in |sthe Company” at the outset is
 
 zero.
 
 Were the events described in Article 2.8 of the Operating Agreement to occur, then the appellants would have received a numeric representation of their membership interest in Metairie Hotel, L.L.C. However, the event triggering any realization of membership units, i.e., the payment of the Debenture, did not occur. Appellants do not have any “membership interest” in Metairie Hotel, L.L.C., which is defined by La.Rev.Stat. § 12:1301(14) as:
 

 a member’s rights in a limited liability company, collectively, including the member’s share of the profits and losses of the limited liability company, the right to receive distributions of the limited liability company’s assets, and any right to vote or participate in management.
 

 The Operating Agreement’s definition of a “unit” clearly tracks what constitutes membership in a limited liability company under Louisiana law. It is clear that appellants are not members of Metairie Hotel, L.L.C. during the period of time of which they complain their rights were violated. Consequently, appellants have no right to pursue breach of fiduciary duty claims or derivative action claims.
 

 Unjust Enrichment, Detrimental Reliance, and Quantum Meruit
 

 Appellants’ claims for the equitable remedies of unjust enrichment, detrimental reliance, and quantum meruit are also without merit. The doctrine of unjust enrichment is provided for in La. Civ.Code art. 2298 as follows:
 

 A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
 

 In this matter, both parties agree that the Operating Agreement “is the law between the parties in this case.” Unjust enrichment would only arise when there is no 19adequate remedy at law, or “in the absence of a contract or agreement.”
 
 Gulf-stream Services, Inc. v. Hot Energy Services, Inc.,
 
 2004-1223, p. 6 (La.App. 1 Cir. 3/24/05), 907 So.2d 96, 100-101,
 
 writ de
 
 
 *1242
 

 nied,
 
 2005-1064 (La.6/17/05), 904 So.2d 706.
 

 Detrimental reliance is another equitable remedy in which claimant must prove three elements: (1) a representation by word or conduct; (2) justifiable/reasonable reliance; and (3) a change in position to one’s detriment because of the reliance. La. Civ.Code art. 1967;
 
 see also Bains v. Young Men’s Christian Ass’n of Greater New Orleans,
 
 2006-1423, p. 6 (La.App. 4 Cir. 10/3/07), 969 So.2d 646, 650,
 
 writ denied,
 
 2007-2146 (La.1/7/08), 973 So.2d 727. Thus, the appellants have no claim for detrimental reliance. For the same reasons, appellants’ claims for quantum meru-it have no merit.
 

 Contractual Claims, Opportunity to Amend
 

 Finally, appellants argue that they have numerous “potential” causes of action under various contractual theories. They argue that an L.L.C. operating agreement is contractual in nature, and that they are entitled to pursue them “potential” claims and thus defeat appellees’ exception of no right of action. However, the only discernible claims actually pled in appellants’ actual reconventional demands are claims for a derivative action, breach of fiduciary duties, and alternatively, unjust enrichment, detrimental reliance, and quantum meruit. Nowhere in their reconventional demands do appellants actually plead any of the other claims that they allege to have “potential” to plead, such as fraud, breach of good faith, or conditional obligations.
 

 |1(lFinally, appellants’ claim that the trial court did not afford them the opportunity to amend their petition under La.Code Civ. Proc. art. 934
 
 [1]
 
 is without merit. Article 934 generally requires that the plaintiff be allowed to amend his petition after a peremptory exception has been granted if the general ground for the exception may be cured by the amendment. However, “the article does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception.”
 
 Verdin v. Rogers,
 
 03-1457 (La.App. 5 Cir. 4/27/04), 873 So.2d 804, 807,
 
 writ denied,
 
 2004-1231 (La.9/24/04), 882 So.2d 1128.
 

 In this matter, appellants have not sought to amend their petition following the sustaining of the exception of no right of action. This Court, as well as the trial court, cannot hypothesize or guess what causes of action appellants may allege in the future and rule on the peremptory exception accordingly. The decision to permit an amendment to the petition to remove the grounds for a peremptory exception under La.Code Civ. Proc. art. 934 “is within the sound discretion of the trial court and, therefore, will not be disturbed absent a showing of manifest error or abuse of discretion.”
 
 Massiha v. Beahm,
 
 2007-0137, p. 4 (La.App. 4 Cir. 8/15/07), 966 So.2d 87, 89. Because appellants have not sought to amend their petition in any manner, no further discussion as to the merits of their “potential” claims is required.
 

 11
 
 ^Decree
 

 The trial court did not err in sustaining appellees’ exception of no right of action because appellants do not belong to the
 
 *1243
 
 “class of persons to whom the law grants the cause of action asserted in the petition.”
 
 Badeaux, supra,
 
 p. 6, 929 So.2d at 1217. The decision of the trial court to sustain the Exception of No Right of Action and dismiss appellants’ reconventional and third party demands is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . La.Code Civ. Proc. art. 934 provides:
 

 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theoty shall be dismissed.