| PETER J. ABADIE | * | NO. 2019-CA-0749 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JESUS ARGUELLES, AUSTIN | * | |
| VENTURE PROPERTIES, | | FOURTH CIRCUIT |
| L.L.C., DEREK LIGHTELL | * | |
| AND UNITED BROKERS OF | | STATE OF LOUISIANA |
| LOUISIANA L.L.C. | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-00607, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods,
Judge Tiffany G. Chase)


Peter J. Abadie, Jr.
4404 Hamilton Street
New Orleans, LA 70118

     APPELLANT/ ATTORNEY PRO SE


Shandy Arguelles
Lindsey S. Olsen
DE ST. GERMAIN LAW OFFICE, LLC
118 West Hall Avenue
Slidell, LA 70460

     COUNSEL FOR DEFENDANT/APPELLEE


                   **REVERSED AND REMANDED**
                   **FEBRUARY 19, 2020**

This dispute arises from a suit for breach of contract that property owner and appellant Peter Abadie ("Mr. Abadie") filed after the buyer elected to withdraw from the sale. Jesus Arguelles ("Mr. Arguelles") filed a peremptory exception of no right of action, claiming he is not a proper named defendant pursuant to La. R.S. 12:1320 *et seq.* The trial court relied on the purchase agreement to sustain the exception of no right action, finding Mr. Arguelles signed the contract as a representative of the limited liability company and not in his individual capacity. We find that without evidence to establish that Mr. Arguelles was authorized to act on behalf of the limited liability company, the contract, on its own, is insufficient to prove Mr. Arguelles was a member of the limited liability company at the time the contract was entered and, therefore, not a proper party to the instant suit. Accordingly, we reverse the trial court's ruling that granted the exception of no right of action and remand for further proceedings in line with this opinion.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In January 2019, Mr. Abadie filed suit against Mr. Arguelles, among other

named defendants, seeking damages arising from a contract to purchase property Mr. Abadie owned in New Orleans. Mr. Arguelles signed the purchase agreement, entitled "Louisiana Residential Agreement to Buy or Sell," associated with Mr. Abadie's property in November 2018. The purchase agreement identified the buyer on the last page of the document as Austin Venture Properties, LLC ("Austin Venture"), a limited liability company authorized to do business in the state of Louisiana.

After the purchase agreement fell through, Mr. Abadie filed suit for damages. In February 2019, Mr. Arguelles filed a peremptory exception of no right of action, alleging Mr. Abadie had no right to sue Mr. Arguelles in his individual capacity because he was not a party to the contract. Following the April 2019 hearing on the exception, the trial court sustained the exception. The trial court signed a written judgment on the exception in May 2019, and Mr. Abadie filed his appeal. This Court remanded the matter, however, with instructions to the trial court to amend the judgment to include the necessary decretal language in order to properly invoke this Court's appellate jurisdiction. The trial judge signed the amended judgment in September 2019. This appeal timely follows.

### STANDARD OF REVIEW

"The standard of review of a trial court's ruling on an exception of no right of action is *de novo*." *N. Clark, L.L.C. v. Chisesi*, 16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015 (citing *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 12-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003,

2

1009).

## DISCUSSION

Mr. Abadie raises two assignments of error: (1) whether the trial court erred in granting Mr. Arguelles' exception of no right of action; and (2) whether the trial court erred in finding that Mr. Abadie was attempting to pierce the corporate veil.

"The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. Specifically, "'[t]he function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.'" *N. Clark*, 16-0599, p. 5, 206 So.3d at 1016 (quoting *Hood v. Cotter*, 08-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829). The defendant-exceptor has the burden of proving the exception of no right of action. *N. Clark*, 16-0599, p. 5, 206 So.3d at 1017 (citing *Hospitality Consultants, LLC v. Angeron*, 09-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240); *See also Robertson v. Sun Life Financial*, 09-2275, p. 6 (La. App. 1 Cir. 6/11/10), 40 So.3d 507, 512 ("To prevail on the exception of no right of action, the defendant has the burden of establishing that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit."). "Evidence may be received under the exception of no right of action for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist." *Teachers' Ret. Sys. of La. v. La. State Emp.'s Ret. Sys.*, 456 So.2d 594, 597 (La. 1984). Additionally,

3

in determining whether to sustain an exception of no right of action, "a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for some person." *N. Clark*, 16-0599, p. 6, 206 So.3d at 1017 (quoting *J-W Power Co. v. State ex rel. Dept. of Revenue & Taxation*, 10-1598, p. 7 (La. 3/15/11), 59 So.3d 1234, 1238-39).

In that an exception presents a question of law, the inquiry on appellate review is whether the trial court was legally correct in sustaining the exception. *N. Clark*, 16-0599, p. 6, 206 So.3d at 1017 (citing *Peneguy v. Porteous*, 01-1503, p. 6 (La. App. 4 Cir. 5/15/02), 823 So.2d 380, 384). Review of the exception begins with consideration of the pleadings. *N. Clark*, 16-0599, p. 6, 206 So.3d at 1017 (quoting *Gisclair v. La. Tax Comm'n*, 10-0563, p. 2 (La. 9/24/10), 44 So.3d 272, 274). In the absence of evidence to the contrary, the "averments of fact in the pleading must be taken as true." *N. Clark*, 16-0599, p. 5-6, 206 So.3d at 1017 (citing *Huntsman Int'l LLC v. Praxair, Inc.*, 15-0975, p. 4 (La. App. 4 Cir. 9/14/16), 201 So.3d 899, 904).

In this case, the petition for damages alleges that Austin Venture, United Brokers of Louisiana, L.L.C., Derek Lightell, and Mr. Arguelles are liable for breach of the purchase agreement. The petition avers that "[o]n November 13, 2018[,] [Mr.] Arguelles signed an Agreement to Purchase Property…owned by [Mr.] Abadie, located at 4522 Palmyra Street in the City of New Orleans." According to Mr. Abadie's petition "[Mr.] Arguelles was to deposit $1000.00 with

the Purchase's Title Attorney, which he failed to do, thereby violating the terms of this Agreement from the outset, and making [Mr.] Arguelles and Austin [Venture], indebted unto [Mr.] Abadie for that amount, plus all further damages as outlined in this petition."

Mr. Arguelles filed his exception, challenging Mr. Abadie's right to bring suit against him, individually, pursuant to La. R.S. 12:1320 (B) and (C). La. R.S. 12:1320(B) states, "[e]xcept as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company." Additionally, "[a] member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company." La. R.S. 12:1320(C).

In support of his exception, Mr. Arguelles relies exclusively on the purchase agreement. Mr. Arguelles argues that Mr. Abadie and Austin Venture were the only parties to enter into the purchase agreement. He contends that he signed the purchase agreement in his capacity as a member of Austin Venture, which is the printed name that appears under the buyer's signature line on the last page of the agreement. Mr. Arguelles asserts that he did not sign or enter into the purchase agreement in his individual capacity.

Opposing the exception, Mr. Abadie avers that Austin Venture was never the intended purchaser of the property and that the trial court should allow him to

5

proceed with his claim against Mr. Arguelles. Mr. Abadie concedes that the purchase agreement identifies Austin Venture as the buyer. Nevertheless, he asserts that the identification is "totally out of place," noting reference to Austin Venture does not appear anywhere else in the subsequent documents associated with the sale. Mr. Abadie also claims that because Mr. Arguelles signed and initialed the purchase agreement and subsequent documents incidental to the sale, "the written signature of [Mr.] Arguelles should take precedence over a typed Austin Venture name underneath the valid signature."

The trial court relied on the purchase agreement to sustain the exception of no right of action. On the last page, the purchase agreement identifies Austin Venture as the "Buyer." The trial court reasoned that although Mr. Arguelles signed and initialed the agreement, Mr. Arguelles did so "as a representative of the corporation." The trial court concluded that pursuant to La. R.S. 12:1320 *et seq.*, Mr. Abadie had no right of action against Mr. Arguelles, individually, and sustained the exception.

On appellate review, Mr. Abadie maintains that the trial court erred when it granted Mr. Arguelles' exception. He points out that Mr. Arguelles relies solely on the portion of the purchase agreement identifying Austin Venture as the buyer. However, Mr. Arguelles submitted nothing to establish that he is a member, manager, employee, or agent of Austin Venture. Similarly, Mr. Arguelles offered no proof that he is authorized to act on behalf of Austin Venture. The only evidence suggesting any connection between Mr. Arguelles and Austin Venture is

6

that Mr. Arguelles' signature and Austin Venture's printed name appear in the same document.

Mr. Arguelles carries the burden of proving that Mr. Abadie does not have a right to seek a claim for damages against him, individually. *N. Clark*, 16-0599, p. 5, 206 So.3d at 1017 (citing *Hospitality Consultants*, 09-1738, p. 6, 41 So.3d at 1240). As previously mentioned, "[e]vidence may be received under the exception of no right of action for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist." *Teachers' Ret. Sys. of La.*, 456 So.2d at 597. Mr. Arguelles asserts that he is the acting agent of Austin Venture, and he signed the purchase agreement, in November 2018, in his representative capacity. However, unless the assertions contained in a party's briefs and pleadings are supported by evidence found in the record, they remain unsubstantiated assertions, not evidence. *Daisy v. Plaquemines Parish Gov't*, 17-0076, p. 13 (La. App. 4 Cir. 8/30/17), 226 So.3d 560, 568. There are no affidavits, documents, or other competent evidence to support Mr. Arguelles' contention that he is a member of Austin Venture for purposes of dismissing the claims against him pursuant to La. R.S. 12:1320 *et seq*. Therefore, we find Mr. Arguelles failed to carry his burden on the exception of no right action.

### *CONCLUSION*

We find the purchase agreement, by itself, is insufficient to prove Mr. Arguelles was a member of Austin Venture when he signed the agreement. For this reason, we find Mr. Arguelles did not carry his burden of proving that he is not

a proper party to the proceeding and therefore entitled to dismissal of the claims against him pursuant to La. R.S. 12:1320.  Therefore, this Court finds reversal of the trial court's ruling and remand of the matter appropriate. [1]

## *DECREE*

Based on the foregoing reasons, we reverse the trial court's judgment sustaining the exception of no right of action and dismissing with prejudice the claims against Mr. Arguelles, individually.  Furthermore, we remand the matter to the trial court for further proceedings in line with this opinion.

**REVERSED AND REMANDED**

---

[1] La. C.C.P. art. 928 poses no restrictions on Mr. Arguelles' ability to file an amending/supplemental exception of no right of action, should evidence exist that sufficiently proves he was authorized to act on behalf of Austin Venture.