HAMP'S CONSTRUCTION, LLC      *     NO. 2020-CA-0182

    *

VERSUS     COURT OF APPEAL

    *

1031 CANAL, LLC     FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-08240, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Terri F. Love**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods)

Jessica R. Derenbecker
SHIELDS MOTT L.L.P.
650 Poydras Street
Suite 2600
New Orleans, LA 70130

Richard S. Vale
Brett W. Tweedel
Aldric C. Poirier, Jr.
Pamela N. Molnar
BLUE WILLIAMS, LLP
3421 North Causeway Boulevard
Suite 900
Metairie, LA 70002--3733

      COUNSEL FOR PLAINTIFF/APPELLEE

Jay J. Harris
JAY J. HARRIS, LLC
30615 Cypress Park Drive
Denham Springs, LA 70726

      COUNSEL FOR DEFENDANT/APPELLANT

            **JUDGMENT AMENDED; AFFIRMED
AS AMENDED; REMANDED
DECEMBER 9, 2020**

*TFL*
*JCL*
*RBW*

This matter is a breach of a construction contract dispute between Appellant/ general contractor, 1031 Canal, LLC, ("1031 Canal") and Appellee/ subcontractor, Hamp's Construction, LLC. Hamp's filed suit against "1031 Canal" for unpaid fees owed pursuant to the contract. In response, "1031 Canal" filed a reconventional demand against Hamp's and its insurer, Gray Insurance Company (collectively, "Hamp's"). "1031 Canal" maintained it sustained damages in having to make repairs resulting from a collapsed common wall caused by Hamp's negligence in the performance of the contract. Hamp's filed an exception of no right of action, contending that "1031 Canal" did not incur damages in connection with the common wall's collapse. "1031 Canal" seeks review of the district court's judgment which granted Hamp's exception of no right of action and dismissed "1031 Canal's" reconventional demand with prejudice.

We find that "1031 Canal" has no right of action to recover for damages it did not incur or had no legal obligation to satisfy; however, "1031 Canal" is entitled to the opportunity to amend its reconventional demand to remove the grounds for maintaining the exception in accord with La. C.C.P. art. 934.

2

Accordingly, we amend and affirm as amended the judgment and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

"1031 Canal" entered into a subcontract with Hamp's to perform demolition work on its property located at 1031 Canal Street, New Orleans, Louisiana. In May 2015, during the course of the contract, a common wall between "1031 Canal's" property and a neighboring property located at 1027 Canal Street (the "Rainbow Building") partially collapsed, resulting in damages to the common wall and the Rainbow Building. At the time of the collapse, Hamp's was still owed $117,040.00 on its contract with "1031 Canal." Hamp's sent "1031 Canal" a "Notice of Breach of the Construction Contract and Notice of Claim for Damages." When "1031 Canal" refused to pay, Hamp's filed a Petition for Breach of Contract and Damages. In response, "1031 Canal" brought a reconventional demand against Hamp's for damages resulting from Hamp's alleged negligence in causing the common wall's collapse and related damages to the Rainbow Building.

Hamp's filed a motion for summary judgment. Hamp's asserted the undisputed facts showed it was entitled to the balance owed under the contract. In opposition, "1031 Canal" pled the affirmative defense of "set-off." The district court granted Hamp's motion for summary judgment. On appeal, this Court reversed and remanded, determining that a question of fact remained as to whether Hamp's had defaulted on the contract and if so, whether that default triggered "1031 Canal's" right to a set-off.[1]

---

[1] *See Hamp's Construction, L.L.C. v. 1031 Canal, L.L.C.*, 2018-0686, p. 10 La. App. 4 Cir. 2/27/19), --- So.3d ---, 2019 WL 959821, *5.

3

On remand, Hamp's submitted written discovery demands to "1031 Canal" to identify and produce documentation of its damages.[2] "1031 Canal" attested that it incurred damages of $176,239.87 for temporary bracing and support of the common wall and also sought recovery of $580,000.00 to completely repair the Rainbow Building. "1031 Canal" itemized its incurred damages of $176,239.87 attributable to the common wall repairs as follows:

$54,921.27 for work performed by Abry Bros. (installation of temporary shoring system an rental of same);

$63,603.60 for work performed by Kevin Masonry (masonry, label, material); and

$57,715.00 for work performed by Citadel Builder's LLC (extra bracing and knee wall work).

These damages, however, were primarily paid by other self-identified entities "affiliated" with "1031 Canal": (1) Kailas Companies, LLC ("Kailas"); (2) 261, LLC; and (3) Construction and Development Group (collectively, the "Affiliated Entities").[3] "1031 Canal's" documentation in support of these

---

[2] Hamp's submitted to "1031 Canal" a first set of interrogatories and requests for production of documents. Hamp's first set of interrogatories and requests for production included:

**Interrogatory No. 3**

Pursuant to La.C.C.P. art. 893, please specify the amount requested for each and every element of damages claimed by 1031 Canal against Hamp's.

**Request for Production No. 2**

Please produce all documents which support the damages that 1031 Canal is seeking in this lawsuit.

[3] In its response to March 14, 2019 interrogatory to describe in detail the nature of the relationship between "1031 Canal" and Kailas, 261 LLC, Construction and Development, and CANAUX LLC, "1031 Canal" responded as follows:

a. 1031 Canal is an affiliated entity of Kailas Companies, LLC.
b. Construction and Development Group is an affiliated entity of Kailas Companies, LLC.
c. 261, LLC is an affiliated entity of Kailas Companies, LLC.
d. CANAUX, LLC is an affiliated entity of Kailas Companies, LLC.

4

payments included a June 5, 2015 contract entered between Kailas and Abry Brothers ("Abry") for Abry to perform temporary bracing and shoring on the common wall and cancelled check payments.[4] The cancelled checks showed Kailas made payments to Abry totaling $18,087.18 for its work. 261, LLC and Construction and Development Group made respective payments to Abry of $2,400.00 and $28,834.09. Construction and Development Group, LLC also paid another contractor, Kevin Masonry, $63,603.60 for its work.[5] "1031 Canal's" only documented payments included two payments to Abry totaling $5,600.

With reference to "1031 Canal's" claim that it would incur $580,000.00 in future damages to repair the Rainbow Building, "1031 Canal" produced a budget repair estimate of that amount which was prepared by Citadel Builders and sent to Kailas on January 4, 2017.[6]

---

[4] Hamp's March 14, 2019 additional set of discovery demands sought, in part, the following:

> **Request For Production No. 2:**
>
> Please produce any and all contracts entered between 1031 Canal and any entity or individual in regards to repairing any damage sustained to the building located at 1027 Canal or to the common wall that was between 1027 Canal and 1031 Canal.
>
> **Request For Production No. 3:**
>
> Please produce proof of payments or copies of checks from 1031 Canal LLC for any repairs to the building located at 1027 Canal or to the common wall that was between 1027 Canal and 1031 Canal.

[5] "1031 Canal" submitted no documentation of payment by any entity to Citadel Builders for the $57,715.00 of extra bracing and knee wall work Citadel performed.

[6] The budget estimate was as follows:

> 1. Engineering          $30,000.00
> 2. Temporary Shoring    $85.000.00
> 3. Demolition           $40,000.00
> 4. Concrete Foundation   $40,000.00
> 5. Masonry            $115,000.00
> 6. Roofing             $20,000.00
> 7. Plaster              $15,000.00

Hamp's filed an exception of no right of action in response to "1031 Canal's" answers to its discovery demands. In support, Hamp's introduced into evidence "1031 Canal's" discovery responses. Hamp's argued "1031 Canal's" discovery responses demonstrated it had no right of action to recover for expenditures "1031 Canal" did not pay or had no legal obligation to pay. "1031 Canal" failed to timely file a written opposition to Hamp's exception.

After argument and upon consideration of Hamp's supporting memorandum, the district court granted Hamp's exception of no right of action and dismissed "1031 Canal's" reconventional demand with prejudice.[7] This appeal followed.

## STANDARD OF REVIEW

The standard of review of a district court's ruling on an exception of no right of action is *de novo*. *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015. This Court discussed the scope of appellate review of the exception in *Abadie v. Arguelles*, 2019-0794, pp. 3-4 (La. App 4 Cir. 2/19/20), 292 So.3d 961, 963-64, as follows:

---

| | | |
|---|---|---|
| 8. Interior Repairs | $15,000.00 | |
| 9. General Conditions | $100,000.00 | |
| 10. Contingency | $50,000.00 | |
| 11. OH&P | $70,000.00 | |
| | $580,000.00 | |

[7] The district court's judgment, stated, in relevant part, the following:

> When, after hearing the arguments of counsel, reviewing the memorandum of Hamp's Construction, but not the untimely memorandum of 1031 Canal LLC and considering the law:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Exception of Right of Action, filed on behalf of Hamp's Construction, L.L.C., as defendant-in-reconvention against 1031 Canal, L.L.C., as plaintiff-in-reconvention, is hereby GRANTED, dismissing fully and finally and with prejudice all claims asserted against Hamp's Construction, L.L.C. in the Reconventional Demand filed by 1031 Canal L.L.C.

6

Specifically, " '[t]he function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.' " *N. Clark*, [20]16-0599, p. 5, 206 So.3d at 1016 (quoting *Hood v. Cotter*, [20]08-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829). The defendant-exceptor has the burden of proving the exception of no right of action. *N. Clark*, [20]16-0599, p. 5, 206 So.3d at 1017 (citing *Hospitality Consultants, LLC v. Angeron*, [20]09-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240); *See also Robertson v. Sun Life Financial*, [20]09-2275, p. 6 (La. App. 1 Cir. 6/11/10), 40 So.3d 507, 512 ("To prevail on the exception of no right of action, the defendant has the burden of establishing that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit."). "Evidence may be received under the exception of no right of action for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist." *Teachers' Ret. Sys. of La. v. La. State Emp.'s Ret. Sys.*, 456 So.2d 594, 597 (La. 1984). Additionally, in determining whether to sustain an exception of no right of action, "a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for some person."

## DISCUSSION

In the case *sub judice*, "1031 Canal" argues the district court erred in granting Hamp's exception of no right of action in the following respects: (1) its $5600.00 payments to Abry establish that "1031 Canal" incurred actual damages to repair the common wall; (2) "1031 Canal" has a legal obligation to pay for the repairs to the common wall as contracted for by its Affiliated Entities; and (3) "1031 Canal" has a right to recover the $580,000.00 for any future repairs the common wall or the Rainbow Building might require. Hamp's counters that the exception of no right of action should be sustained because the evidence submitted in support of the exception proved that "1031 Canal" did not incur any damages to repair the common wall or the Rainbow building; it had no legal obligation to pay Abry $5600.00 arising out of Abry's contract with Kailas; and "1031 Canal" articulated no right to recover for damages to the Rainbow Building, a building it

7

does not own. Accordingly, Hamp's argues "1031 Canal" has no right of action to recover the damages sought in its reconventional demand.

Our review of "1031 Canal's" assigned errors shows the record supports the arguments advanced by Hamp's. We shall initially consider "1031 Canal's" second assigned error that it has a right of action to recover the payments made by the Affiliated Entities.

### *Affiliated Entities Payments*

"1031 Canal's" reconventional demand asserts it incurred damages as a result of Hamp's alleged negligence in causing the collapse of the common wall. In its discovery responses, "1031 Canal" specifically identified these damages as $176,239.87 to repair the common wall and $580,000.00 in future damages to repair the Rainbow Building.

A review of the un-contradicted evidence of the $176,287.09 in payments made to repair the common wall documents that the Affiliated Entities made these payments, with the exception of the two payments totaling $5600.00 made by "1031 Canal" to Abry. Although "1031 Canal" declares that it has an obligation to pay repairs contracted for by the Affiliated Entities, "1031 Canal" fails to delineate how the specific nature of this affiliation imposes this obligation or confers upon "1031 Canal" legal standing to recover damages incurred by the Affiliated Entities. In particular, we note that no member of the Affiliated Entities was a party to Hamp's breach of contract suit against "1031 Canal" or to "1031 Canal's" reconventional demand. Further, "1031 Canal's" discovery responses produced no evidence that any member of the Affiliated Entities had made a formal legal demand against "1031 Canal" to compensate the Affiliated Entities for any of the

8

payments the entities made or might be required to make to repair the common wall or the Rainbow Building.

In general, an action can be brought only by a person having a real and actual interest which he asserts. *See* La. C.C. P. art. 681. *See also N. Clark, LLC*, 2016-0599, p. 4, 206 So.3d at 1016. In the instant matter, "1031 Canal" has not shown it has an actual interest in recovering the payments made by the Affiliated Entities.

### "*1031 Canal's" Payment to Abry*

For similar reasons, "1031 Canal's" argument that it has a right of action against Hamp's to recover the $5600.00 payments it made to Abry fails. The facts establish that Abry entered a contract with Kailas to perform repair work on the common wall. As such, no privity of contract existed between "1031 Canal" and Abry that created a legal obligation for "1031 Canal" to pay Abry for work Abry performed pursuant to its contract with Kailas.

### *Future Damages to Rainbow Building*

Likewise, 1031 Canal's discovery responses establish no legal right to recover $580,000.00 in damages for future costs to repair the Rainbow Building. The undisputed facts show that 1031 Canal did not own the Rainbow Building at the time of the common wall's collapse and that ownership of the property was transferred to CANAUX, LLC in February 2016.[8] The evidence demonstrated that the $580,000.00 in "damages" that "1031 Canal" seeks to recover represented costs to repair the Rainbow Building as outlined in a repair estimate Citadel Builders supplied to Kalais. "1031 Canal" produced no documentary evidence that it

---

[8] The sole member of CANAUX LLC is the Chandra and Indira Kailas Irrevocable Grantor Trust.

requested the estimate, paid any of these estimated repair costs or that CANAUX or any other owner of the Rainbow Building formally demanded that "1031 Canal" pay these estimated costs. Accordingly, absent any assignment of rights, any right of action to recover the $580,000.00 in repair costs rests with the owner of the Rainbow Building, not "1031 Canal."

"When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit." *Howard v. Administrators of Tulane Educ. Fund*, 2007-2224, p. 16 (La. 7/1/08), 986 So.2d 47, 59 (citations omitted). Based on our *de novo* review, we find the evidence offered by Hamp's in support of its exception of no right of action revealed "1031 Canal" lacks a legal interest to maintain a right of action against Hamp's to recover damages of $176,239.87 and $580,000.00–damages that "1031 Canal" did not incur or establish a legal obligation to pay.

### Art. 934 Amendment/Remand

The district court dismissed "1031 Canal's" reconventional demand with prejudice upon sustaining Hamp's exception of no right of action. Notwithstanding that the district court properly sustained Hamp's exception, La. C.C.P. art. 934 provides, in part, that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by court." *See also An Erny Girl L.L.C. v. BCNO 4 L.L.C.*, 2018-0360, pp. 13-14 (La. App. 4 Cir. 9/26/18), 257 So.3d 212, 222-23.

Here, the exception of no right of action was maintained on the grounds that "1031 Canal" could not recover damages incurred by the Affiliated Entities for which "1031 Canal" did not pay and/or had no legal obligation to pay. Nonetheless, "1031 Canal" contends that the nature of its association with the Affiliated Entities gave it the legal right to recover incurred and future damages against Hamp's for expenditures the Affiliated Entities paid to repair the common wall and the Rainbow Building. Where there is a conceivable possibility an adverse party might state an action, courts must give that party an opportunity to amend. *See Alexander and Alexander, Inc.*, *Div. of Adm.*, 486 So.2d 95, 100 (La. 1986). As such, we remand the matter to the district court to give "1031 Canal" the opportunity to amend or supplement its reconventional demand to remove the grounds for sustaining the exception within the delay set by the district court.

## CONCLUSION

Based on the foregoing reasons, we amend and affirm as amended the judgment sustaining Hamp's exception of no right of action. We further remand to the district court to allow "1031 Canal" the opportunity to amend its reconventional demand within the time allotted by the district court.

**JUDGMENT AMENDED;**
**AFFIRMED AS AMENDED;**
**REMANDED**

11