2016-0599 (La.App. 4 Cir. 12/7/16)

**N. CLARK, L.L.C., et al.**

v.

**Baptiste CHISESI, et al.**

**NO. 2016–CA–0599**

Court of Appeal of Louisiana, Fourth Circuit.

DECEMBER 7, 2016

Kathleen C. Cresson, CRESSON LAW FIRM, 221 N. Clark Street, New Orleans, LA 70119, COUNSEL FOR PLAINTIFFS/APPELLANTS

Irl R. Silverstein, THE SILVERSTEIN LAW FIRM, APLC, 635 Lafayette Street, Gretna, LA 70053, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

Rosemary Ledet, Judge

This is a property damages suit. The plaintiffs—N. Clark, L.L.C. and Kathleen Cresson (collectively the "Property Owners")—filed this suit against multiple defendants alleging damages to their property as a result of the construction of multiple houses on neighboring property.[1] This appeal involves the dismissal of one of those defendants—Hayes Architects, A.P.A.C. ("Hayes"). Hayes was the architect firm that designed the houses that were built on the neighboring property. The narrow issue presented is whether the trial court erred in granting Hayes' exception of no right of action and dismissing Hayes from the suit with prejudice. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2014, the Property Owners filed this suit. In their original petition, they averred that this matter arises out of a multi-development consisting of "about 14–15 single family homes on what was formerly the old Mercy Hospital parking lot." The development formed a "U" shape around their properties and business. Although the development consisted of about fourteen houses, the original petition focused on the house located on 3505 Iberville Street, which the Proper-

---

1. This suit focuses on the last two of the houses that were built on the neighboring property; those two houses were built on 3505 Iberville Street and 223 N. Clark Street in New Orleans, Louisiana. By amended petition, this case was expanded to include a possessory action.

ty Owners averred was designed by Hayes without gutter cans or drains.

■ On September 17, 2015, the Property Owners filed a "First Amending and Supplemental Petition for Damages, and Dispute Affecting Title" (the "First Amending Petition"), which expanded their damages suit to include a possessory action. The focus of the First Amending Petition was on the house located at 223 N. Clark Street and the driveway servitude on that property.[2]

On December 2, 2015, Hayes filed a peremptory exception of no right of action. On December 8, 2015, Plaintiffs filed a "Second Amending and Supplemental Petition for Damages, and Dispute Affecting Title" (the "Second Amending Petition"). In the Second Amending Petition, the Property Owners requested that the trial court, in this pending suit, review the ruling of the City's Board of Zoning Adjustments ("BZA"). The BZA's ruling, which denied the Property Owner's appeal, upheld the Director of the Department of Safety and Permits' issuance of a permit to the owner of the property—Road Home Solutions, LLC ("Road Home")—to construct a new two-story single-family residence on 223 N. Clark Street. The Property Owners averred that "[t]he building permit for |₃223 N. Clark was based on the architect's plans, neither of which are the same zoning, and conflict."

On January 22, 2016, a hearing was held on Hayes' exception of no right of action. No evidence was introduced. Following the hearing, the trial court rendered judgment sustaining the exception and dismissing Hayes with prejudice. On February 1, 2016, Plaintiffs filed a "Motion for New Trial on Dismissal of Architect Hayes for No Right of Action" and requested written reasons for judgment. On February 4, 2016, the trial court denied the motion for new trial and issued written reasons.[3] This appeal followed.

## DISCUSSION

■ The Property Owners' appeal essentially raises the following three issues: (i) whether the trial court was premature in granting the exception of no right of action; (ii) whether the trial court erred in granting the exception of no right of action; and .(iii) whether Hayes is a party needed for just adjudication under La. C.C.P. Art. 641. The principal issue is the second one—the correctness of the trial court's granting of the exception of no right of action. The standard of review of a trial court's ruling on an exception of no right of action is *de novo. St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 12–0545, p. 7 (La.App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009 (noting that "appellate review .of those exceptions involves determining whether the trial court was legally correct in sustaining such exceptions.").

---

**2.** In the First Amending Petition, the Property Owners added a new party—the City of New Orleans (the "City")—and additional allegations regarding the "existing parties to this suit," including Hayes. Although the Property Owners requested service of their First Amending Petition on Mr. Hayes individually, this did not result in him being added as a party. Indeed, after this court granted Hayes' exception, the Property Owners joined Mr. Hayes individually as a defendant in his capacity as a "co-contractor" in their "Third Amending and Supplemental Petition for

Damages, and Dispute Affecting Title," which was filed on May 7, 2016. The Third Amending Petition was filed after this appeal was taken. For these reasons, the Property Owners' argument that Mr. Hayes' double role as "Architect and Contractor" is sufficient to state a right of action against the architect is misplaced. The only defendant before us on appeal is the architect firm, Hayes.

**3.** The trial court's written reasons are set forth elsewhere in this opinion.

*Prematurity*

 The Property Owners contend that the trial court erred in granting the exception of no right of action prematurely because discovery was in its "infant stage." Hayes counters that this issue should not be considered because the Property Owners failed to brief it before this court and failed to raise it before the trial court. *See* Uniform Rules—Courts of Appeal, Rules 2–12.4(B)(4)[4] and Rule 1–3.[5] On an exception of no right of action, the parties may introduce evidence to support or controvert the exception. La. C.C.P. Art. 931. Here, however, no evidence was introduced. Rather, the exception was decided based on the pleadings.

 Prematurity—lack of adequate discovery—generally is an issue raised in opposing a motion for summary judgment. Indeed, La. C.C.P. Art. 966 A(3) expressly provides that a motion for summary judgment shall be granted only "[a]fter an opportunity for adequate discovery." No similar statutory provision exists regarding the timing of granting an exception of no right of action. For all these reasons, we find this argument unpersuasive.

*No right of action*

The next, and the principal, issue is the correctness of the trial court's ruling granting Hayes' exception of no right of action. The following procedural articles govern an exception of no right of action:

- La. C.C.P. Art. 681 provides "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."

- La. C.C.P. Art. 927 A(6) provides that an exception of "[n]o right of action, or no interest in the plaintiff to institute the suit" is a peremptory exception.

- La. C.C. P. Art. 923 provides that "[t]he function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action."[6]

The jurisprudence has enumerated the following principles governing the review of a trial court's ruling on an exception of no right of action:

- An exception of no right of action is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. *Stassi v. State*, 11–2264, p. 4 (La.App. 1 Cir. 9/13/12), 102 So.3d 896, 898.

- "The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 08–0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829; *see also Industrial Companies, Inc. v. Durbin*, 02–0665, pp. 11–12 (La. 1/28/03), 837 So.2d 1207, 1216 (citing *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n*, 94–2015, p. 5 (La. 11/30/94), 646 So.2d 885, 888).

---

4. Uniform Rules—Courts of Appeal, Rules 2–12.4(B)(4) provides that "[a]ll assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed."

5. Uniform Rules—Courts of Appeal, Rule 1–3 provides that "[t]he Courts of Appeal will review only those issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise."

6. As noted earlier, La. C.C.P. Art. 931 provides that evidence may be introduced on an exception of no right of action.

• " 'When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief for himself or herself is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit.' " *Howard v. Administrators of Tulane Educ. Fund*, 07–2224, p. 16 (La. 7/1/08), 986 So.2d 47, 59 (quoting Harry T. Lemmon & Frank L. Maraist, 1 LOUISIANA CIVIL LAW TREATISE, CIVIL PROCEDURE § 6.7 (1999)).

• The burden of proof of establishing the exception of no right of action is on the defendant-exceptor. *Hospitality Consultants, LLC v. Angeron*, 09–1738, p. 6 (La.App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240.

• The exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits or the question of whether the defendant may have a valid defense. *Touzet v. V.S.M. Seafood Services, Inc.*, 96–0225, p. 3 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012–13.

• " '[O]n consideration of an exception of no right of action the averments of fact in the pleading must be taken as true in the absence of evidence to the contrary.' " *Huntsman Int'l LLC v. Praxair, Inc.*, 15-0975, p. 4 (La.App. 4 Cir. 9/14/16), 201 So.3d 899, 904 (quoting *Board of Directors of Louisiana Recovery Dist. v. All Taxpayers, Property Owners, and Citizens of State of La.*, 529 So.2d 384, 386 (La. 1988)).

• " 'In examining an exception of no right of action, a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for some person.' " *J–*

*W Power Co. v. State ex rel. Dept. of Revenue & Taxation*, 10–1598, p. 7 (La. 3/15/11), 59 So.3d 1234, 1238–39 (quoting *Reese v. State, Dept. of Public Safety & Corrections*, 03–1615, pp. 2–3 (La. 2/20/04), 866 So.2d 244, 246).

• The exception of no right of action presents a question of law; thus, as noted earlier, appellate review of that exception is *de novo* and involves determining whether the trial court was legally correct in sustaining such exception. *Peneguy v. Porteous*, 01–1503, p. 6 (La.App. 4 Cir. 5/15/02), 823 So.2d 380, 384 (citing *Landry v. Blaise, Inc.*, 99–2617, p. 4 (La.App. 4 Cir. 8/2/00), 774 So.2d 187, 190).

• In reviewing a trial court's ruling on an exception of no right of action, an appellate court "begins with an examination of the pleadings." *Gisclair v. Louisiana Tax Comm'n*, 10–0563, p. 2 (La. 9/24/10), 44 So.3d 272, 274 (quoting *Howard*, 07–2224 at pp. 17–18, 986 So.2d at 60).

Beginning with the pleadings, we note that the Property Owners' original petition averred as follows:

Hayes Architects, A.P.A.C., owned by architect Alfred Hayes, is the architect firm that designed said homes, particularly the one that is too close to Cresson's property at 3501–03 Iberville, which is 3505 Iberville. He also designed said house with no gutter cans or drains. He also designed the house too close to Cresson's, with the two side projections that were draining onto Cresson's property and were draining beyond the retaining wall.

They further averred that the defendants, including Hayes, were responsible for twenty-one enumerated items of damages, including the following items they identify in their brief as directed to Hayes:

5. Building the two projections to the house at 3505 Iberville that is too close to the boundary line, so that Plaintiffs and those neighbors have to get each other's permission to service their properties or pay more money to get special equipment, which projections are also closer than as called for in the plans and specs;

15. Draining onto Plaintiffs' property for nearly a year from not having gutter cans on 3505 Iberville, until new home owners were nice enough to very recently install same at Plaintiff's request;

17. Chisesi [the contractor] promising Cresson that he would put a driveway between her rental property at 3501–03 and his house he was building at 3505 Iberville at the very beginning, only to not do so, and instead put that house way too close to hers;

21. Any other acts of negligence, damages or trespass as said project progresses, that causes damages to Plaintiffs, especially if defendants later try to mess with Plaintiffs' servitude or property.

In their First Amending Petition, the Property Owners added the following averments regarding Hayes:

### 33.

Plaintiffs also add these new allegations against architect, Alfred Hayes dba Alfred Hayes Architects, A.P.A.C. He did the new plans for 223 [N. Clark Street] that shows the driveway servitude, that is misleading, as people will think 223 has a driveway that they can park a boat and cars on. In fact as these are big houses, they will probably have multiple vehicles. The plans will incite trouble in the future.

### 34.

Plus the 223 N. Clark large house is being built too close to the servitude line. The pilings have already been driven, as per the plans and contractor's sticks that marked the location. This is premature by the contractor as there is still more time to contest the plans and building permit, both issued and approved by the City of New Orleans on 8/26/15.

### 35.

The relevant boundary line for building should be that of the servitude and not the boundary line of the end of the 221 and 223 property line. The practical building line should be the servitude line currently marked by the existing fence and surveyor markings. That house should be started according to code at least 5 feet from the servitude boundary, and the finished house should be at least 3 feet from that servitude boundary line. That is the building line for all practical purposes. To do otherwise will create a situation where the contractor does not have room to work, will therefore mostly likely motivate him try to tear down the current fence, will most likely invite a roof overhang, and since the plans do not call for gutter cans, will invite water drain off. If Chisesi tears up the current fence, it will invite Chisesi to do what he wants with the servitude cement, subsurface drainage and invite further uncontrolled obstructions of 221 N. Clark's servitude and the damages thereto. This will also create liability with the traffic direction, etc. and will affect the subsurface drainage and clean water clean-out that is located to the driveway servitude side of that existing fence. That drainage is currently in good condition but will not be if Chisesi the contractor and Alfred Hayes the architect get their way.

### 36.

Alfred Hayes, by incorporating the driveway servitude in his plans, has now created a condition that will misconstrue to future owners the 17 foot driveway that he put on his plans as their drive-

way servitude, when such is not the case. That servitude is clearly by the terms of the servitude in favor of the dominant estate of 221 [N. Clark Street] over the servient estate of 223 and the terms says that driveway cannot be obstructed in any way. An architect should be held to these standards and have constructive knowledge of what he is putting in his plans as a selling and building point.

**37.**

Chisesi thinks the driveway servitude makes it a good selling point for the new house at 223 N. Clark because the City says he can build a shed and put a boat back there. There is not the turning radius for same. This will invite the boat being parked in the driveway or the new owner of 223 N. Clark trespassing all over the property of 221 N. Clark St.

As noted elsewhere, the trial court based its ruling granting the exception of no right of action solely on the allegations of the petitions. In its reasons for judgment, the trial court reasoned as follows:

> In order for plaintiffs to have a right of action against Hayes, plaintiffs must either (1) have an existing contract with Hayes; or (2) allege a duty owed to them by Hayes and a breach of the same. The petition fails to allege either of these elements.
>
> Plaintiffs do not have privity of contract with Hayes. The only contract entered into by Hayes was with its client, Road Home Solutions, LLC (owner) and CSH Builder, Inc. (builder).
>
> As there is no privity of contract, the only theory of recovery available to

plaintiffs would be negligence. There is no duty owed by Hayes to plaintiffs concerning the design of the property next door. Accordingly, plaintiffs have no right of action against Hayes.

The Property Owners lack privity of contract with Hayes; hence, they have no contractual claim. The dispositive issue is whether the Property Owners have a negligence claim. A threshold question in any negligence case is whether the defendant owed the plaintiff a duty. *Laguerre v. Mendez*, 08–784, p. 4 (La.App. 5 Cir. 2/25/09), 9 So.3d 896, 898. "Under the traditional duty-risk analysis, whether a duty is owed is a question of law." *Maw Enterprises, L.L.C. v. City of Marksville*, 14–0090, p. 11 (La. 9/3/14), 149 So.3d 210, 217 (citing *Hardy v. Bowie*, 98–2821, p. 12 (La. 9/8/99), 744 So.2d 606, 614). The question turns on whether the plaintiff has any law—statutory, jurisprudential, or arising from general fault principles—that support his claim. *Verdin v. Rogers*, 03–1457, p. 4 (La.App. 5 Cir. 4/27/04), 873 So.2d 804, 807; *Hardy, supra.* Absent a duty, "there can be no liability." *Girtley v. ACE Am. Ins. Co.*, 15–397, p. 5 (La.App. 5 Cir. 12/9/15), 182 So.3d 351, 354 (citing *Shafouk Nor El Din Hamza v. Bourgeois*, 493 So.2d 112, 116 (La. App. 5th Cir. 1986).

In support of their negligence claim, the Property Owners cite their status as neighboring property owners and *Gurtler, Hebert and Company, Inc. v. Weyland Machine Shop, Inc.*, 405 So.2d 660 (La. App. 4th Cir. 1981).[7] The gist of the Property Owners' contention regarding their status is that an adjoining property owner always has a duty to the neighboring prop-

---

**7.** The Property Owners cite other cases involving neighboring property owners—*Boyd v. Donelon*, 193 So.2d 291 (La. App. 4th Cir. 1966); *Wright v. De Fatta*, 129 So.2d 614 (La. App. 2d Cir. 1961); and *Wright v. DeFatta*, 244 La. 251, 152 So.2d 10 (1963). None of these other cases involve a plaintiff's right of action against an architect. *Boyd* held that a neighboring property owner has a right of action—standing to intervene—in an action to enforce zoning ordinances. *DeFatta* involved neighboring property owners seeking removal of structures that were in violation of zoning ordinances.

erty owner under tort law and so does an adjoining property owners' architect. The Property Owners cite *Gurtler* for the proposition that a third party lacking privity of contract has a cause of action in tort against an architect.

In *Gurtler*, a subcontractor—as a third-party plaintiff—asserted a claim against an architect with whom the subcontractor had no privity of contract, and the architect responded with an exception of no right of action. This court framed the issue presented as "whether a sub-contractor made defendant in a suit by the contractor for breach of contract can assert in third party demand a cause of action in tort against the architect where no privity of contract exists between the architect and his subcontractor." *Gurtler*, 405 So.2d at 662. Addressing this issue, we noted the following:

> "Where the damage sued for is the defectively performed work itself, the action is strictly a contractual one and only those who are in privity with the contractor have an action against him. However, where the damage sued for is not the defective work but is instead damage caused by the defective work, a tort action against the contractor is proper when the elements for delictual recovery are present."

*Id.* (quoting *Lumber Products, Inc. v. Hiriart*, 255 So.2d 783 (La. App. 4th Cir. 1972)); *see also Standard Roofing Company of New Orleans v. Elliot Construction Co., Inc.*, 535 So.2d 870, 880 (La. App. 1st Cir. 1988) (citing *Gurtler* and noting that "[s]uch an action arises when there is a breach of a duty owed independently of the contract between the owner and architect.").

In *Gurtler*, the subcontractor alleged that "the architect failed to provide adequate plans and specifications, to act rea-

sonably in approving or rejecting the shop or detailed drawings submitted by Weyland [the subcontractor] and to notify timely other sub-contractors and suppliers 'of decisions solely within its discretion,' leading to delays and cost overruns." 405 So.2d at 662. Based on our review of the allegations of the petition, we concluded that the subcontractor had asserted a cause of action in tort and thus had a right of action against the architect.

Citing *Gurtler*, this court in *MR Pittman Grp., LLC v. Plaquemines Par. Gov't*, 15–0396, p. 5, n. 1 (La.App. 4 Cir. 12/2/15), 182 So.3d 291, 294, recently noted the following:

> Louisiana recognizes the existence of a duty of care owed by design professionals [including architects] to persons with whom the design professional does not have privity. In such a case, this Court has concluded that "absent privity of contract a cause of action cannot be asserted based on breach of contract; however, this does not preclude asserting a claim for damages based on the wrongdoer's tort."

*Id.*

■ Although the Property Owners cite *Gurtler* in support of their tort claim, they fail to address the lack of similarity—factual or legal—between *Gurtler* and the instant case. *Gurtler* is distinguishable from the instant case in both respects. Factually, *Gurtler* involved a subcontractor—not a neighboring property owner—asserting a claim against an architect. Legally, the subcontractor in *Gurtler* pled a tort claim; the Property Owners here, as the trial court correctly found,[8] failed to do so. The allegations in the Property Owners' petition present claims of Hayes' professional negligence (malpractice)—de-

---

8. As Hayes points out, *Gurtler* actually supports the trial court's decision. The trial court, as dictated by *Gurtler*, engaged in a duty-risk analysis to determine whether the Property Owners asserted a tort claim and concluded they did not.

fective design of the neighboring houses. Accepting the allegations as true, we find, as did the trial court, that "[t]here is no duty owed by Hayes to plaintiffs concerning the design of the property next door." When, as here, the petition fails to state a cause of action, there can be no right of action. *NOLA 180 v. Harrah's Operating Co., Inc.*, 12–0072, p. 7 (La.App. 4 Cir. 5/16/12), 94 So.3d 886, 890; *Girtley*, 15–397 at p. 9₁₁₂ 182 So.3d at 357. Thus, we find no error in the trial court's decision granting Hayes' exception of no right of action.

*Party needed for just adjudication*

██ The Property Owners contend that the trial court erred in failing to find that Hayes is a party needed for just adjudication under La. C.C.P. Art. 641.[9] Although this issue is properly raised by peremptory exception under La. C.C.P. Art. 645, the Property Owners raised this issue solely through their "Motion for New Trial on Dismissal of Architect Hayes for No Right of Action," which the trial court denied. On appeal, the Property Owners' argue that Hayes is a necessary party to their eventual appeal of the BZA's decision, which they have joined with this case. The Property Owners contend that by seeking to have the trial court review the BZA's decision, they are attempting to enforce the zoning ordinances. They stress that one of their contentions is that there are conflicts between the architect's plans and the zoning. Moreover, the Property Owners contend that but for Hayes' allegedly defective plans, the building permit could not have been obtained. Pretermitting whether the challenge to the BZA's decision can properly be joined with this pending litigation, Hayes is not the property owner; thus, Hayes is not a party needed for just adjudication of the appeal of the BZA's decision.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

2016-0694 (La.App. 4 Cir. 12/8/16)

---

**9.** La. C.C.P. Art. 641 provides for the joinder of a party when "[i]n his absence complete relief cannot be accorded among those already parties." La. C.C.P. Art. 645 provides that "[t]he failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion."