SUCCESSION OF ERIC KYLE       \*         NO. 2021-CA-0416
MECHE

                            \*

                                COURT OF APPEAL

                            \*

                                FOURTH CIRCUIT

                            \*

                                STATE OF LOUISIANA

                \* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-06270, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Paula A. Brown)

Kameron P. Whitmeyer
Brad P. Scott
Ashley Schmidt
SCOTT VICKNAIR, LLC
909 Poydras Street, Suite 2025
New Orleans, LA 70112

       COUNSEL FOR PLAINTIFF/APPELLANT

Alex S. Aughtry
Nicholas H. Berg
REASONOVER & BERG, LLC
400 Poydras Street, Suite 1980
New Orleans, LA 70130

       COUNSEL FOR DEFENDANT/APPELLEE

                              **AFFIRMED**
                              **NOVEMBER 17, 2021**

The estate of Kyle Meche, through succession representative Amber Straube, appeals the trial court's judgment granting an exception of no right of action in favor of Defendant, Angela Cocran, the decedent's ex-wife. For the reasons that follow, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The facts of this case are undisputed. On February 14, 2019, Kyle Meche and Angela Cocran entered into a Consent Judgment for the Partition of Community Property (Consent Judgment).[1] As a result of the consent judgment, Mr. Meche received ownership of two Northwest Mutual life insurance policies (policies ending in 0930 and 1067), and a Fidelity Brokerage account (4040), which represents his retirement from the Shell Oil Company. Though she waived her rights to ownership, Ms. Cocran was designated as the sole beneficiary on all of these policies and accounts.

_____

[1] *Angela Suzanne Cocran Meche v. Eric Kyle Meche*, 17-10680, Div. H, Civil District Court for the Parish of Orleans.

Approximately one year after the consent judgment was reached, Mr. Meche passed away.[2] His sister, Ms. Straube, opened succession and was appointed as the succession representative. On October 29, 2020, Ms. Straube filed a Petition for Declaratory Judgment and Damages alleging that Ms. Cocran waived all of her rights to the funds pursuant to the Consent Judgment. In response, Ms. Cocran filed peremptory exceptions of no cause of action and no right of action.

After a hearing, the trial court sustained Ms. Cocran's exception of no right of action and dismissed Ms. Straube's petition with prejudice. In light of its dismissal on the exception of no right of action, the trial court further found Ms. Cocran's exception of no cause of action moot. This devolutive appeal followed.

## DISCUSSION

On appeal, Ms. Straube asserts that the trial court erred in granting Ms. Cocran's exception of no right of action and in dismissing her lawsuit with prejudice. "An action can be brought only by a person having a real and actual interest which he asserts." La. C.C.P. art. 681. The peremptory exception of no right of action, La. C.C.P. art. 927 A(6), raises the question of whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. La. C.C.P. art. 927(A)(6); *Bourbon Investments, LLC v. New Orleans Equity LLC*, 15-1234, p. 14 (La. App. 4 Cir. 12/21/16), 207 So.3d 1088, 1096 (citations omitted).

"'The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.'" *N. Clark, L.L.C. v. Chisesi*, 16-0599, p. 5 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1016 (quotations and citations omitted). "'When the facts alleged in the petition provide a remedy under the law to someone, but the

_____

[2] Mr. Meche died on February 12, 2020.

2

plaintiff who seeks the relief for himself or herself is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit.'" *Howard v. Administrators of Tulane Educ. Fund*, 07-2224, p. 16 (La. 7/1/08), 986 So.2d 47, 59 (quoting Harry T. Lemmon & Frank L. Maraist, 1 LOUISIANA CIVIL LAW TREATISE, CIVIL PROCEDURE § 6.7 (1999)).

In reviewing a trial court's ruling on an exception of no right of action, an appellate court should focus on an examination of the pleadings. *N. Clark, L.L.C.*, 16-0599, p. 6, 206 So.3d at 1017 (quotation and citations omitted). In absence of evidence to the contrary, the averments of fact in the pleading must be taken as true. *Id.*, 16-0599, pp. 5-6, 206 So.3d at 1017 (citations omitted). Assuming that the petition states a valid cause of action for some person, a court should focus on whether the particular plaintiff has a right to bring the suit. *N. Clark, L.L.C.*, 16-0599, p. 6, 206 So.3d at 1017 (quotation omitted).

The only issue before this Court is whether the trial court committed legal error in finding that Ms. Straube did not have a right of action against the Ms. Cocran. It is clear that based on the facts alleged, the law does not afford a remedy to Ms. Straube. The petition alleges the following:

5.

On February 14, 2019, Decedent entered into a Consent Judgment on Partition of Community Property in the action entitled "Angela Suzanne Cocran Meche v. Eric Kyle Meche, " Docket No. 17-10680, Div. H, Parish of Orleans, State of Louisiana providing that Decedent "shall be entitled to the sole ownership of the two (2) Northwestern Mutual Life Insurance Policies Account Nos. 0930 and 1067 both insuring the life of Eric [Meche] and Angela [Cocran] waives any and all ownership interest and rights to said life insurance policies" (hereafter "the Stipulated Judgment"). A copy of the Stipulated Judgment is attached hereto as "Exhibit A."

3

6.

Furthermore, the Stipulated Judgment also provided that Decedent "shall be entitled to and receive all funds located within his Fidelity Brokerage Account No. 4040 and Shell Provident Fund and Angela [Cocran] hereby waives any and all rights to same."

7.

On information and belief, after the death of the Decedent, Defendant wrongfully obtained the proceeds of the two (2) Northwestern Mutual Life Insurance Policies Account Nos. 0930 and 1067 as well as the funds on deposit in the Fidelity Brokerage Account No. 4040 and Shell Provident Fund.

8.

The proceeds of the two (2) Northwestern Mutual Life Insurance Policies Account Nos. 0930 and 1067 as well as the funds on deposit in the Fidelity Brokerage Account No. 4040 and Shell Provident Fund, are assets of the estate of the Decedent and Defendant previously waived all rights to such pursuant to the terms of the Stipulated Judgment.

9.

Alternatively, in the event that Defendant has not taken possession of such proceeds, any designation of Defendant as beneficiary to the two (2) Northwestern Mutual Life Insurance Policies Account Nos. 0930 and 1067 or the Fidelity Brokerage Account No. 4040 and Shell Provident Fund, must be declared to be invalid pursuant to the terms of the Stipulated Judgment.

In its reasons for judgment, the trial court opined: "Cocran waived her ownership rights to the policies at issue, but she is still entitled to these benefits as the designated beneficiary." Therefore, it concluded that since Mr. Meche's estate was not the designated beneficiary, the estate has no right to the proceeds. We agree.

"Louisiana law allows funds to be transferred upon death to designated beneficiaries for retirement accounts, life insurance,[3] pensions, and certain bank

---

[3] La. R.S. 22:912 states, in pertinent part:

A. (1) The lawful beneficiary, assignee, or payee, including the insured's estate, of a life insurance policy or endowment policy, shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either person, and such proceeds and avails shall also be exempt from all liability for any debt of the beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use. For

accounts." *Succession of Schimek*, 19-1069, pp. 17-18 (La. App. 4 Cir. 6/10/20), 302 So.3d 78, 91;[4] *Succession of Lane*, 95-0558, p. 2 (La. App. 4 Cir. 9/28/95), 662 So.2d 82, 84 ("It is settled that life insurance proceeds payable to a named beneficiary other than the insured's estate are not a part of the insured's estate.")(citations omitted); *Contois v. Contois*, 95-0794, p. 6 (La. 3/8/96), 669 So.2d 1181, 1184)(Community property partition agreement, in which wife transferred any interest that husband might have in his retirement plan to husband, rendered husband sole owner of plan, but did not affect wife's rights as designated beneficiary, which arose outside of the community; as owner of plan, husband had contractual right to change beneficiary designation or leave designated beneficiary unchanged).

These types of transfers are considered to be contractual in nature, thus they are considered to be nonprobate:

---

purposes of this Subsection, the proceeds and avails of the policy include the cash surrender value of the policy.

(2) The exemption authorized in Paragraph (1) of this Subsection from seizure under any writ, mandate, or process issued by any court of competent jurisdiction, including any bankruptcy proceedings, shall not apply to that portion of the cash surrender value, or loan value of any life insurance policy, endowment policy, or annuity contract payable upon surrender during the lifetime of the insured or annuitant which exceeds the sum of thirty-five thousand dollars if such policy or contract was issued within nine months of issuance of such writ, mandate, or process or the filing of a voluntary or involuntary bankruptcy proceeding under the United States Code. However, an insurer shall be liable only for such amounts that exceed the thirty-five thousand dollar exemption which are in the insurer's possession at the time the insurer receives, at its home office, written notice by or on behalf of a creditor of claims being made against such value or interest with specification of the amount claimed. The insurer shall have no obligation to determine the validity or the accuracy of the amount of the claim and shall be relieved of further liability of any kind with respect to the monies paid upon request of a creditor. An insurer shall be entitled to be paid by preference and priority over the claim of any seizing creditor the balance of any bona fide loan to the insured or owner which is secured by such interest or value in the policy or contract.

[4] La. R.S. 22:915(A) states: "Donations inter vivos of life insurance policies, and the naming of beneficiaries therein, whether revocably or irrevocably, are not governed by the provisions of the Revised Civil Code of 1870, or any other laws of this state relative to the form of donations inter vivos."

Life insurance and pension benefits pass to designated beneficiaries at the decedent's death, but these arrangements are not probate transfers; they occur by contractual arrangements made during the decedent's lifetime and are not regarded as property transfers. . . . Certain bank accounts, such as payable on death (POD) accounts, are also nonprobate transfers.

Louisiana Civil Law Treatise, Nonprobate Transfers, 11 La. Civ. L. Treatise, Trusts § 1:6 (2d ed.)(footnotes omitted).  Likewise, since the contracts in this case are nonprobate, they pass directly to the named beneficiary and do not form part of Mr. Meche's estate.  Thus, Ms. Straube does not have a right of action as the succession representative for the estate.

## CONCLUSION

Under these circumstances, the trial court was correct in granting Ms. Cocran's exception of no right of action.  Accordingly, the judgment dismissing the petition with prejudice is affirmed.

**AFFIRMED**