JUDITH GRAJALES PEREZ     *     NO. 2022-CA-0573

VERSUS     *

    COURT OF APPEAL

JEANE FAMILY     *
PROPERTIES, LLC AND     FOURTH CIRCUIT
TENTEN REMODELING, INC.     *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION
NO. 20-01534, DISTRICT "08"
HONORABLE Catrice Johnson-Reid, The Office of Workers' Compensation
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge
Nakisha Ervin-Knott,)

Cristian P. Silva
CRISTIAN P. SILVA LAW OFFICE
1818 Manhattan Boulevard, Suite 2
Harvey, LA 70058

    COUNSEL FOR PLAINTIFF/APPELLANT

Darren A. Patin
HAILEY McNAMARA HALL LARMANN & PAPALE
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002

    COUNSEL FOR DEFENDANT/APPELLEE

    **REVERSED AND REMANDED**

    **JANUARY 9, 2023**



Judith Grajales Perez ("Appellant") seeks review of the trial court's April 7, 2022 judgment granting the exception of no right of action filed by Jeane Family Properties, LLC ("Appellee"). After considering the record before this Court, we reverse the judgment of the trial court and remand the matter for further proceedings.

**Relevant Facts and Procedural History**

This case has been before this Court previously. The underlying facts were previously articulated by this Court:

> Kim Jeane is the sole member of Jeane Family Properties, LLC. At some point prior to January 13, 2020, Appellee hired TenTen Remodeling, Inc., to perform carpentry and painting work at 917 Nunez Street in New Orleans. This property was owned by Jeane Family Properties, LLC, and managed by Kim Jeane. Kenneth Walker, the owner of TenTen Remodeling, hired Appellant to assist with the work. On January 13, 2020, while on a ladder painting the subject property, Appellant fell off the ladder, landed on some furniture, and the ladder landed on top of her, causing injuries to her left arm and back. Appellant was treated at University Medical Center of New Orleans and Advanced Medical Center of Gretna for her injuries. Thereafter, on March 3, 2020, she filed a disputed claim with the Office of Workers' Compensation seeking medical and workers' compensation benefits from both Appellee, as well as TenTen Remodeling. In response, on March 31, 2020, Appellee filed an exception of no cause of action, an exception of no right of action, as well as an answer and general denial. . . . The matter came for hearing on November 19, 2020. On November 24, 2020, the trial court signed

1

a written judgment granting Appellee's exception of no cause of action only.

*Perez v. Jeane Family Properties, LLC, et al*, 2021-0279, p. 2 (La. App. 4 Cir. 12/15/21), 335 So. 3d 329, 330.

Appellant appealed that ruling. On December 15, 2021, this Court reversed the trial court's judgment granting the exception of no cause of action and remanded the matter for further proceedings. This Court also noted that the judgment was silent as to the exception of no right of action and presumed the silence to be a denial of that exception. *Id.*, 2021-0279, p. 6, n. 1, 335 So. 3d at 332

Thereafter, the parties returned to the trial court and reset the hearing on Appellee's exception of no right of action. The matter came for hearing before the trial court on March 21, 2022, and the trial court sustained the exception of no right of action. The trial court rendered its written judgment and reasons on April 7, 2022.[1] This appeal followed.

## Assignments of Error

On appeal, Appellant raises two assignments of error: (1) whether the trial court failed to follow established legal jurisprudence in determining that the Appellant was not entitled to recover worker's compensation benefits from the Appellee, and (2) whether the trial court failed to follow the statutory language of La. R.S. § 23:1061 when it determined that the Appellant was not an employee of the Appellee. In whole, Appellant asserts that the trial court erred in applying the facts of this case to the established legal jurisprudence and statutory authority in sustaining Appellee's exception of no right of action.

## Standard of Review

---

[1] Notice of signing of judgment was mailed on April 8, 2022.

2

When addressing a trial court's judgment sustaining an exception of no right of action, this Court applies a *de novo* standard of review because the exception raises a question of law. *Barkerding v. Whittaker*, 2018-0415, p. 13 (La. App. 4 Cir. 12/28/18), 263 So. 3d 1170, 1180 (citing *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1015).

### Discussion

"An action can only be brought by a person having a real and actual interest which he asserts." *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n*, 1994-2015, p. 4 (La. 11/30/94), 646 So. 2d 885, 888 (citing La. C.C.P. art. 681). "The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action." *Id*. (citing La. C.C.P. art. 927(5)). For the purpose of the exception, all the well-pleaded facts in the petition must be taken as true in the absence of evidence to the contrary. *Soileau v. Churchill Downs Louisiana Horseracing Co., LLC*, 2017-1003 pp. 4-5 (La. App. 4 Cir. 6/13/18), 317 So. 3d 491, 495. However, "the exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits or the question of whether the defendant may have a valid defense." *N. Clark, L.L.C. v. Chisesi*, 2016-0599 p. 5 (La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1017 (citing *Touzet v. V.S.M. Seafood Services, Inc.*, 1996–0225, p. 3 (La. App. 4 Cir. 3/27/96), 672 So. 2d 1011, 1012–13).

As noted in our previous opinion, the "petition" in this case is Appellant's disputed claim for compensation. *Perez*, 2021-0279, p. 4, 335 So. 3d at 331. The allegations in the disputed claim must be taken as true, unless contrary evidence is presented. A review of the record from both the November 19, 2020 and the March 21, 2022 hearings show that neither party moved to introduce evidence. As such,

3

this Court's review is confined to the allegations made in the disputed claim for compensation form. On the form under the section titled "Employer", Appellant lists the Appellee as her employer. For purposes of this exception, the court must accept this allegation as true. Accordingly, we find that the trial court erred in sustaining the exception of no right of action.

## Decree

For the foregoing reasons, we reverse the judgment of the trial court sustaining Appellee's exception of no right of action and remand this matter for further proceedings.

**REVERSED AND REMANDED**