| RICK EICHMANN, THE WRONGFUL DEATH AND SURVIVAL BENEFICIARY OF ANTHONY EICHMANN (D) | * * * | NO. 2024-C-0207 COURT OF APPEAL |
|---|---|---|
| VERSUS | * * | FOURTH CIRCUIT |
| THE STATE OF LOUISIANA, THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ON BEHALF OF LSU HEALTH SCIENCES CENTER–NEW ORLEANS AND UNIVERSITY MEDICAL CENTER MANAGEMENT CORP. D/B/A UNIVERSITY MEDICAL CENTER-NEW ORLEANS | * * * * * * * * | STATE OF LOUISIANA |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-05644, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Liz Murrill
ATTORNEY GENERAL
Phyllis E. Glazer
Robert F. Freeman, Jr.
ASSISTANT ATTORNEYS GENERAL
Louisiana Department of Justice
Litigation Division
1885 North Third Street, 3rd Floor
Baton Rouge, LA 70802

Conrad Meyer
Sarah J.L. Christakis
CHEHARDY, SHERMAN, WILLIAMS
RECILE, & HAYES, L.L.P.
One Galleria Blvd, Suite 1100
Metairie, LA 70001

COUNSEL FOR DEFENDANTS/RELATORS

Zachary R. Christiansen, ESQ.
Katherine E. Sepcich, ESQ.
BOWLING CHRISTIANSEN LAW FIRM, A.P.L.C.
1615 Poydras Street, Suite 1050
New Orleans, LA 70112

COUNSEL FOR PLAINTIFF/RESPONDENT

**WRIT GRANTED; RELIEF DENIED**

**MAY 13, 2024**

Relators, the State of Louisiana through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, on behalf of LSU Health Sciences Center – New Orleans ("the State") and University Medical Center Management Corp. d/b/a University Medical Center – New Orleans ("UMC") (sometimes referred to collectively as "the defendants"), seek supervisory review of the district court's March 11, 2024 judgment.  That judgment denied the defendants' peremptory exceptions of no right of action and prescription as to Respondent's, Rick Eichmann ("Mr. Eichmann"), petition for damages. Mr. Eichmann's petition alleges survival and wrongful death claims stemming from medical malpractice and asserts that Mr. Eichmann is the survival and wrongful death beneficiary of his deceased son, Anthony Eichmann ("the Decedent").  For the reasons that follow, we grant the writ application, but deny the requested relief.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2017, Mr. Eichmann filed a complaint and request for the formation of a medical review panel, asserting that he was the survival and wrongful death beneficiary of the Decedent.  Mr. Eichmann named UMC, Jessica

Shields, M.D., Elizabeth Bollman, M.D. and Kevin Morrow, M.D. as defendants, alleging malpractice in connection with the medical treatment received by the Decedent at UMC when he presented to the emergency department with a number of complaints after being assaulted the day before. After convening on April 20, 2020, the medical review panel opined that "[t]he evidence does not support the conclusion that the defendants failed to meet the applicable standard of care as charged in the complaint."

A few months later, on July 8, 2020, Mr. Eichmann filed a petition for damages in the district court, naming the State and UMC as defendants. The petition asserted survival and wrongful death actions against the defendants. Following, on September 14, 2023, the State and UMC filed a joint peremptory exception of no right of action or in the alternative, a peremptory exception of prescription. In their pleading, the defendants argued that Mr. Eichmann is not the survival and wrongful death beneficiary of Decedent; rather, the Decedent's surviving son, O.Y.,[1] was the proper party to assert any claims of survival and wrongful death, but that those claims had prescribed. The defendants contended in their memorandum in support of the exceptions that La. C.C. arts. 2315.1 and 2315.2[2] clearly indicate that the rights of action of a surviving parent are secondary

---

[1] Throughout this opinion we will only use the initials of Decedent's minor child in order to protect his identity.

[2] La. C.C. art. 2315.1. Survival action, provides, in pertinent part:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

2

to that of any surviving child of the decedent.  Additionally, the defendants pointed to the deposition testimony of Kaelin Hecox ("Ms. Hecox"), the biological mother of O.Y., and Denise Manske ("Ms. Manske"), the biological mother of Ms. Hecox and grandmother of O.Y., to establish that they both knew that O.Y. was the biological son of the Decedent.[3]

In his opposition to the defendants' exceptions, Mr. Eichmann acknowledged that on July 31, 2017, he learned of the possibility that he was the biological grandfather of O.Y.  Afterwards, he undertook to have a DNA analysis performed.  Mr. Eichmann further acknowledged that he received the result of this analysis on September 21, 2017, which confirmed that the Decedent was the biological father of O.Y. and, by extension, Mr. Eichmann is the biological grandfather of O.Y.  As noted above, Mr. Eichmann, proceeded to file a complaint

---

D. (1) As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.

(2) As used in this Article, the words "child", "brother", and "sister" include a child, brother, or sister given in adoption, respectively.

And La. C.C. art. 2315.2. Wrongful death action provides, in pertinent part:

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

D. (1) As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.

(2) As used in this Article, the words "child", "brother", and "sister" include a child, brother, or sister given in adoption, respectively.

[3] The defendants included attachments to their exceptions of several social media posts to bolster this argument; however, Mr. Eichmann objected to these exhibits and the district court excluded them at the hearing on the exceptions.  The defendants did not proffer these exhibits; therefore they are not properly before this Court and have no bearing on our review.

3

and request for the formation of a medical review panel on October 23, 2017, asserting that he was the survival and wrongful death beneficiary of the Decedent. Mr. Eichmann argued in his opposition and in his brief to this Court, that because O.Y. was subsequently adopted, Mr. Eichmann was at all times the proper party to request the formation of the medical review panel, which interrupted the prescriptive period in which he could later file a petition for damages against the defendants.

The exceptions came for hearing on March 6, 2024. After brief argument by counsel, the district court denied both of the exceptions. The judgment was reduced to writing, then signed and mailed on March 14, 2024. The defendants timely filed a writ application for supervisory review with this Court.

## DISCUSSION

The instant writ application involves the district court's ruling denying the defendants' peremptory exceptions of no right of action and prescription. An exception of no right of action presents a question of law, requiring a determination of whether the district court was legally correct in its ruling and appellate review of that exception is *de novo*. *N. Clark, L.L.C. v. Chisesi*, 16-0599, pp. 3, 6 (La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1015, 1017 (citations omitted) "In most cases, 'an action can be brought only by a person having a real and actual interest which he asserts.'" *Johnson v. Orleans Par. Sch. Bd.*, 22-0731, p. 10 (La. App. 4 Cir. 3/15/23), 359 So.3d 592, 600, (quoting La. C.C.P. art. 681). "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." *Id.*, (quoting La. C.C.P. art. 923). "The burden of proof of establishing the exception of no right of action is on the

4

defendant-exceptor." *Id.*, (quoting *Gunasekara v. City of New Orleans*, 18-0639, p. 7 (La. App. 4 Cir. 1/30/19), 264 So.3d 1236, 1241).

"This Court's review of a ruling [on] an exception of prescription 'varies based on whether evidence was introduced in the trial court at the hearing on the exception.'" *Doe v. Rayford*, 23-0094, p. 6 (La. App. 4 Cir. 4/4/23), 360 So.3d 124, 129 (quoting *Fisher v. Blood Center*, 20-0551, p. 4 (La. App. 4 Cir. 2/10/21), 313 So.3d 1275, 1279). "Where 'no evidence is introduced, 'the judgment is reviewed simply to determine whether the trial court's decision was legally correct,' and the '*de novo* standard of review applies.'" *Id.* (quoting *Wells Fargo Financial La., Inc. v. Galloway*, 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800). When evidence is introduced to support or controvert a peremptory exception of prescription, as in this case, the Court generally applies the manifest error or clearly wrong standard of review. *See Watson v. Woldenberg Vill., Inc.,* 20-0453, p. 4 (La. App. 4 Cir. 7/7/21), 323 So.3d 951, 954 (citations omitted). However, "[w]hen evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination." *Wright v. Touro Infirmary*, 21-0324, p. 4 (La. App. 4 Cir. 7/7/21), 324 So. 3d 699, 702 (citing *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800). "The party raising the exception bears the burden of proof, unless it is evident on the face of the proceedings that the claim has prescribed, at which point the burden shifts to the plaintiff to show that the matter has not prescribed." *Johnson.* 22-0731, p. 6 359 So.3d at 598.

*Exception of No Right of Action*

5

As cited above, both La. C.C. arts. 2315.1 and 2315.2 provide that a right of action for survival or wrongful death claims first exists for "[t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children." A right of action can only accrue for "[t]he surviving father and mother of the deceased, or either of them if he left no spouse or child surviving." Both actions are subject to a prescriptive period of "one year from the death of the deceased." Thus, because the Decedent died on November 4, 2016, the prescriptive period for these actions expired on November 4, 2017.

Mr. Eichmann does not dispute that O.Y. was proven to be the biological son of the Decedent; however, Mr. Eichmann argues that when O.Y. was given in adoption, the court declared that he was no longer a child of the Decedent. He points out that at all relevant times, i.e., the filing of the medical review panel complaint and the petition for damages, La. C.C. arts. 2315.1 and 2315.2 expressly excluded children given in adoption as beneficiaries because the language including them as beneficiaries was absent until an amendment to the statutes became effective on August 1, 2022. Mr. Eichmann further asserts that regardless of the adoption proceedings, the Decedent was never the legal father of the minor child, O.Y., as O.Y., was born outside of a marital relationship and was never filiated to the Decedent; therefore Mr. Eichmann was always the proper party to file a medical review panel complaint and subsequent petition for damages. We agree.

"Filiation is the legal relationship between a child and his parent." La. C.C. art. 178. "Filiation is established by proof of maternity or paternity or by adoption." La. C.C. art. 179. As Mr. Eichmann points out, the record reflects that the Decedent and Ms. Hecox were not married at the time of O.Y.'s birth.

6

Consequently, O.Y. was not entitled to the presumption that he was the Decedent's biological child in accordance with La. C.C. art. 185, which provides that "[t]he husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage." Louisiana jurisprudence has determined that "genetic test results . . . do not automatically convey filiation under Louisiana law." *State in Interest of P.P.*, 23-38, p. 11 (La. App. 3 Cir. 6/21/23), 368 So.3d 250, 257 (citing *State in Interest of C.C.*, 18-440 (La. App. 5 Cir. 10/12/18), 256 So.3d 565). Accordingly, in order for O.Y. to avail himself of any rights arising from a legal relationship to the Decedent, he was required to take affirmative steps to establish paternity by clear and convincing evidence within one year of the Decedent's death, as provided by La. C.C. art. 197.[4] The record is devoid of any such affirmative steps taken by or on behalf of O.Y. Therefore, we find that Mr. Eichmann was at all times the proper party to assert survival and wrongful death claims for the death of the Decedent. Because the issue of filiation is determinative of the exception, the question of whether the adoption of O.Y. had any effect is immaterial to our reasoning; therefore we pretermit discussion as to that dispute. In sum, we conclude that the district court did not err when it denied the defendants' exception of no right of action.

*Exception of Prescription*

---

[4] La. C.C. art. 197 provides:

A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.

For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

Pursuant to Louisiana Revised Statutes 9:5628(A), delictual actions arising from claims of medical malpractice must be brought within one year of the alleged harm, or within one year of discovery of the alleged harm. "[H]owever, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect." *Id.* Prior to the filing with a district court a petition for damages based upon alleged medical malpractice, the Louisiana Medical Malpractice Act requires that a claimant must first present their proposed complaint to a medical review panel for review. La. R.S. 40:1231.8(A)(1)(a); *see also Warren v. Louisiana Med. Mut. Ins. Co.*, 07–0492 (La. 6/26/09), 21 So.3d 186, 204 (on rehearing). Notwithstanding the prescriptive period delineated in La. R.S. 9:5628(A), La. R.S. 40:1231.8(A)(2)(a) allows that "[t]he filing of the request for a review of a claim shall suspend the time within which suit must be instituted . . . until ninety days following notification . . . to the claimant or his attorney of the issuance of the opinion by the medical review panel."

Having determined that Mr. Eichmann was the proper party to assert survival and wrongful death claims, we find that the filing of the complaint with the medical review panel less than a year after the Decedent's death interrupted prescription as to the filing of those claims with the district court. Mr. Eichmann then filed his petition for damages within ninety days of the issuance of the medical review panel opinion; thus, his petition was timely. The district court did not err in denying the defendants' exception of prescription.

For the foregoing reasons, we grant the defendants' writ, but the requested relief is denied.

**WRIT GRANTED; RELIEF DENIED**

8