RONALD WILSON, ET AL     *     NO. 2025-C-0677

VERSUS     *

    **COURT OF APPEAL**

PROGRESSIVE SECURITY     *
INSURANCE COMPANY, ET     **FOURTH CIRCUIT**
AL     *

    **STATE OF LOUISIANA**

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-02971, DIVISION "E"
Honorable Omar Mason
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Nakisha Ervin-Knott, Judge
Monique G. Morial)

Pius A. Obioha
Mari T. Bartholomew
Travis L. Hull
Tensley M. Aldridge
K. Dominic Chukujekwu
PIUS A. OBIOHA & ASSOCIATES, LLC
1550 N. Broad Street
New Orleans, LA 70119

    COUNSEL FOR PLAINTIFFS/RESPONDENTS

Darrin L. Forte
Ryan E. Bergeron
GARRISON, YOUNT, FORTE, MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/RELATOR


      **WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
              **November 24, 2025**

NEK
DLD
MGM

Relator, Progressive Security Insurance Company ("Progressive"), seeks supervisory review of the district court's September 15, 2025 judgment denying its exception of no right of action. For the following reasons, we grant Progressive's writ, reverse the district court's judgment, and render judgment dismissing this suit against Progressive.

## PROCEDURAL HISTORY

On April 4, 2023, Plaintiff/Respondents, Ronald and Katie[1] Wilson (collectively, the "Wilsons"), filed suit against Progressive for damages they sustained in a motor vehicle accident (the "State" suit). Subsequently, on November 1, 2023, the Wilsons also filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy" suit). One of the conditions of their bankruptcy case required the Wilsons to disclose any claims or lawsuits they had against third parties. However, the Wilsons did not disclose their case against Progressive.

---

[1] We note that "Katie" Wilson is also referred to as "Kati" and "Kate" in the record before us. This Court will use "Katie" to refer to Ms. Wilson as that is the name used in the federal bankruptcy case.

Progressive intervened in the Bankruptcy suit and filed a motion for declaratory judgment, seeking a declaration that the Wilsons were judicially estopped from pursuing their claim against Progressive and dismissing the State suit. After hearing the matter and taking it under advisement, the bankruptcy court granted Progressive's motion in part and denied it in part. Although the bankruptcy court found that the Wilsons' were judicially estopped from pursuing their state claim against Progressive because of their failure to disclose, it denied the request to dismiss the State suit.

Thereafter, Progressive filed an exception of no right of action in the State suit, arguing that the Wilsons had no right of action against it based on the bankruptcy court's judgment. The district court heard the exception on August 29, 2025, and denied it. This timely writ application followed.

**DISCUSSION**

Progressive raises one assignment of error in its writ application. That is, the district court erred in finding that the Wilsons had a right of action in spite of the bankruptcy court's judgment that they were judicially estopped from pursuing or receiving compensation in this suit.

"[A]n action can be brought only by a person having a real and actual interest which he asserts." La. C.C.P. art. 681. The peremptory exception of no right of action questions "whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Pri-Tal v. Progressive Prop. Ins. Co.*, 2024-0531, p. 10 (La. App. 4 Cir. 5/14/25), 414 So. 3d 1064, 1073 (quoting *Hurel v. Nat'l Fire & Marine Ins. Co.*, 2025-0049, p. 8 (La. App. 4 Cir. 3/11/25), 414 So. 3d 778, 784). The purpose of the exception is "to terminate a suit brought by one who has no interest in judicially enforcing the right

2

asserted." *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 5 (La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1016 (quoting *Stassi v. State*, 2011-2264, p. 4 (La. App. 1 Cir. 9/13/12), 102 So. 3d 896, 898). As the exception presents a question of law, we review the district court's ruling *de novo*. *See N. Clark*, 2016-0599, p. 6, 206 So. 3d at 1017 (citing *Peneguy v. Porteous*, 2001-1503, p. 6 (La. App. 4 Cir. 5/15/02), 823 So. 2d 380, 384).

In this case, the district court denied Progressive's exception based on the bankruptcy court's judgment. In that judgment, the bankruptcy court found that the Wilsons were judicially estopped from pursuing this litigation. However, the bankruptcy court also opined that this litigation is the property of the Wilsons' bankruptcy estate that could be administered by a trustee in the event the Wilsons converted the suit from Chapter 13 to Chapter 7. Ultimately, the bankruptcy court ordered that "the State Court Litigation remain an asset of the estate, *never vesting in the Wilsons.*" (Emphasis added). Regardless of whether the Wilsons convert their bankruptcy case to Chapter 7, the bankruptcy court's judgment is clear—the Wilsons do not have a vested interest in this action. In reviewing an exception of no right of action, courts presume that the petition states a valid cause of action as to some person, but they must question "whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation." *Pri-Tal*, 2024-0531, p. 10, 414 So. 3d at 1073 (citation omitted). As the Wilsons do not have a vested interest, they likewise do not have the right to pursue this case. While their bankruptcy estate may have a right to the action, it is clear that they do not, and thus, they are not proper parties to this suit.

We note that this situation has similarities to a previous case decided in this Court. Progressive cites to *Breaux v. Louisiana Stadium and Exposition Dist.*,

*SMG,* to support its position that the Wilsons do not have a right to pursue this litigation. 2024-0126 (La. App. 4 Cir. 4/4/24), 390 So. 3d 293, *writ denied* 2024-00788 (La. 11/14/24), 395 So. 3d 1183, *cert. denied sub nom.* 145 S. Ct. 1926, 221 L.Ed. 2d 665 (2025). Therein, the defendant had filed an exception of no right of action, arguing that the plaintiff was judicially estopped from pursuing her claim in state court because she failed to disclose the claim to her bankruptcy trustee during the pendency of her bankruptcy case. The district court denied the defendant's exception of no right of action and ruled that the plaintiff was not judicially estopped from pursuing her claim. *Id*. at p. 1, 390 So. 3d at 295. The Fourth Circuit reversed, finding that the plaintiff's failure to disclose her state court litigation with the bankruptcy court judicially estopped her from pursuing the case, and, as a result, she no longer had a right to pursue the litigation. *Id*. at p. 5, 390 So. 3d at 297. Unlike in *Breaux*, Progressive received a separate judgment from the bankruptcy court declaring the Wilsons judicially estopped prior to filing its exception of no right of action. As there is a valid judgment declaring the Wilsons judicially estopped, there is no question that they are barred from pursuing this underlying claim. In light of this, the district court erred in finding that the Wilsons could still participate in the State suit and denying Progressive's exception of no right of action.

**DECREE**

For the foregoing reasons, we grant Progressive's writ application, reverse the district court's judgment denying its exception of no right of action, and render judgment sustaining the exception of no right of action and dismissing this suit.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**